# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-02776 PA (RAOx) | Date | March 30, 2020 |
| Title | Miguel Bautista et al v. FCA US LLC et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant FCA US LLC ("Defendant"). (Dkt. 1 ("Notice").) The Notice alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Defendant alleges that the Court possesses diversity jurisdiction over this action. (Notice ¶¶ 11, 27.) However, Defendant's own citizenship allegations are deficient. Defendant alleges that it is "a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan." (Notice ¶ 24.) However, Defendant FCA US LLC is a limited liability company. See, e.g., Jose Plascencia v. FCA US LLC et al., Case No. CV 17-3529 PA (SKx), Notice of Removal ("FCA US is, and was at the time the State Court Action was commenced, a limited liability corporation organized under the laws of the State of Delaware."). The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. See Johnson v.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-02776 PA (RAOx) | Date | March 30, 2020 |
|---|---|---|---|
| Title | Miguel Bautista et al v. FCA US LLC et al. | | |

Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled." Schweiss v. Greenway Health, LLC, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016)) (emphasis added). Because Defendant has not identified all of its members, or each member's citizenship, Defendant has not properly alleged its citizenship.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) ("[A] corporate defendant, like any other, is presumed to know its own citizenship").

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV06358, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.